# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12-cv-450
## [3:05cr210]

| | |
|---|---|
| MICHAEL TAYLOR, | ) |
| Petitioner, | ) |
| Vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1). After issuance of a <u>Simmons</u> screening Order, the government has filed its Answer/Response (#3) to such motion, therein waiving one-year statute of limitations and conceding that petitioner is entitled to the relief he seeks in the form of vacating his conviction.

A Section 2255 claim not brought within one year under § 2255(f) is procedurally procedural barred. A petitioner can overcome the procedural bar if he can show a fundamental miscarriage of justice

> [I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

<u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by a defendant's failure timely to file his § 2255 motion. <u>Bousley v. United States</u>, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828.

In this matter, however, the government has waived the procedural bar. As to whether the

government can waive the period of limitation under the AEDPA, one court has noted as follows:

> There is a dearth of case law discussing the question of whether the new limitations bar under AEDPA is jurisdictional, or is an affirmative defense that can be waived. However, the few courts that have addressed the issue have concluded that the one-year statute of limitations **is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, and thus is waived if not raised in opposition to a habeas petition**. *See, e.g., Samuel v. Duncan*, 92 F.3d 1194 (table), 1996 WL 413632, at *1 (9th Cir. July 22, 1996) ("the government has not raised the issue [of the statute of limitations under AEDPA], so we need not consider it because the statute of limitations is not jurisdictional and can be waived"), *cert. denied*, 520 U.S. 1157, 117 S.Ct. 1338, 137 L.Ed.2d 497 (1997); *Andrews v. Johnson*, 976 F.Supp. 527, 529 (N.D.Tex. 1997) (because the Writ of Habeas Corpus is a right grounded in common law, and is not based on a statutory waiver of sovereign immunity, it constitutes an affirmative defense that is waived if not pled). Because Metts's petition is not time barred, it is unnecessary for the court to reach this issue.

Metts v. Miller, 995 F.Supp. 283, 291 (E.D.N.Y. 1997) (emphasis added). By the government not raising the period of limitation in bar and affirmatively waiving the period of limitation, the court need not reach that issue and may move forward and consider the allegation and concession of actual innocense as the period of limitation is not jurisdictional. United States v. Smith, 2007 WL 1217772, *1 (M.D.Pa. April 24, 2007) ("The one-year period of limitation for filing a § 2255 motion is not jurisdictional ...." ).

While a district court may sua sponte consider the timeliness of a section 2255 motion, the statute-of-limitations defense remains a non-jurisdictional affirmative defense that the government may waive. Recognizing that courts *may* sua sponte consider timeliness, the Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n. 11 (2006) (state habeas) that because a statute-of-limitations defense is not jurisdictional, courts are not *obligated* to consider the time bar sua sponte; however, where the state intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. This court finds that where the government intelligently waives its statute of limitations defense, the logic of Day would also direct that this

court is not at liberty to disregard that waiver in the context of a motion under Section 2255.

As the government has waived the procedural bar and conceded that defendant is actually innocent under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) *(en banc)*, conclusions in which this court concurs,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) petitioner's Motion to Vacate is **GRANTED** and petitioner's conviction is hereby **VACATED;** and

(2) inasmuch as petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the United States Marshals Service and/or any conditions of supervised release/bond imposed in this matter.

In order to allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to 10 days to comply with this order.

The Clerk of Court will certify copies of this Order to the United States Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: October 16, 2012

Max O. Cogburn Jr.
United States District Judge